**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GARY STAFFORD BLALARK,** : | |
| : | |
| **Plaintiff** | **CIVIL ACTION NO. 3:15-872** |
| : | |
| **v** | |
| : | **(JUDGE MANNION)** |
| **MUHAMMED BINABDULRAHI HILL,** | |
| **et al.,** : | |
| **Defendants** | |

**MEMORANDUM**

**I. Background**

Gary Stafford Blalark, an inmate formerly confined in the Mahanoy State Correctional Institution, Frackville ("SCI-Frackville"), Pennsylvania, originally filed the above captioned civil rights action, pursuant to 42 U.S.C. §1983, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 2).

By Order dated March 31, 2015, the above captioned action was transferred to the United States District Court for the Middle District of Pennsylvania, (Doc. 4), where it was received on May 5, 2015. (Doc. 6). On June 18, 2015, this Court directed service of the complaint. (Doc. 9).

On July 2, 2015, Plaintiff's copy of the June 18, 2015 Order directing service of the above captioned action was returned as "undeliverable", stating

"unable to forward" and indicating a current address as "317 N. 4th St., Reading, PA 19601." (Doc. 11). A second attempt to mail the June 18, 2015 Order to Plaintiff's updated address was made but on July 9, 2015, that was again returned, stating "return to sender - attempted - not know - unable to forward". (Doc. 12).

By Order dated August 20, 2015, this Court directed Plaintiff to provide the Court with a current address on or before September 8, 2015, or risk dismissal of the above-captioned action for failure to prosecute, pursuant to FED.R.CIV.P. 41(b). ( Doc. 13). On September 8, 2015, Plaintiff filed a notice of change of address, stating that he was released from SCI-Mahanoy on June 4, 2015 and provided the Court with his current address as "417 S. 5th Street, Reading, PA 19601." (Doc. 15).

On December 18, 2015, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 20). A supporting brief and exhibits were filed on January 4, 2016. (Docs. 21, 22). Attached to Defendants' filings is a certificate of service indicating that the documents were served on Plaintiff at his last known address of "417 S. 5th Street, Reading, PA 19601." Id. On July 26, 2016, all of Defendants documents were returned to them as undeliverable. (Doc. 23-2).

Presently before the Court is Defendants' motion for involuntary dismissal pursuant to Rule 41(b). (Doc. 23). For the reasons set forth below,

2

the Court will grant Defendants' motion for involuntary dismissal.

## II. **Discussion**

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of action for failure to prosecute or to comply with a Court Order. The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court

informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Blalark's last communication with this Court was Plaintiff's last notice of change of address on September 8, 2015. (See Doc. 15). Blalark has not communicated with the court since the filing of this notice. The record clearly indicates that he has been released from SCI-Mahanoy. Thus, it is reasonable to conclude that Blalark has abandoned this suit. Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 15, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0872-01.wpd

4